J-S35009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DETRICK DARNELL POOLE | : | No. 1159 WDA 2016 |
| Appellant | : | |

Appeal from the Judgment of Sentence June 9, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001223-2015

BEFORE:  LAZARUS, J., RANSOM, J., and STEVENS, P.J.E.[*]

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED AUGUST 10, 2017**

Although the Majority finds the Commonwealth failed to prove Appellant Detrick Darnell Poole had guilty knowledge that he was in possession of a stolen handgun, the Commonwealth presented sufficient evidence to allow the jury to infer that Appellant had given a false explanation for the presence of the stolen handgun in the apartment he shared with his paramour.  Accordingly, I dissent.

In order to sustain Appellant's conviction for Receiving Stolen Property (18 Pa.C.S.A. § 3925), the Commonwealth was required to show that Appellant: "(1) intentionally acquir[ed] possession of the movable property

---

[*] Former Justice specially assigned to the Superior Court.

of another; (2) with knowledge or belief that it was probably stolen; and (3) the intent to deprive permanently." ***Commonwealth v. Robinson***, 128 A.3d 261, 265 (Pa. Super. 2015) (*en banc*). This Court has referred to the second element of this offense as "guilty knowledge" of the crime. ***Id***.

This Court has emphasized that such guilty knowledge may be inferred from circumstantial evidence. ***Id***.

> Circumstantial evidence of guilty knowledge may include, *inter alia*, the place or manner of possession, alterations to the property indicative of theft, the defendant's conduct or statements at the time of arrest (including attempts to flee apprehension), a false explanation for the possession, the location of the theft in comparison to where the defendant gained possession, the value of the property compared to the price paid for it, or any other evidence connecting the defendant to the crime.

***Id***. at 268–69.

In this case, the Commonwealth presented evidence that suggested that Appellant gave a false explanation for the presence of the stolen handgun in the apartment he shared with his paramour. Although Appellant adamantly claimed in his trial testimony that he had never seen the stolen firearm before it was discovered, the Commonwealth introduced into evidence recorded phone calls Appellant made from prison suggested otherwise. Appellant admitted to his mother that officers "caught him" with the stolen firearm in the following exchange:

> [Appellant]: I didn't get caught with just no gun, ma. I got caught with, like 13 grams of hard.

[Mother]: Yeah, but I -- but son, I already know you'll be all right through. Don't worry about it. Once you get your lawyer and everything, you'll be all right.

[Appellant]: Ma, they still could motherfuckers with all these guns. I got caught with an AK 47 and a nine, the nine Hi-point.

Trial Testimony, 3/15/16, at 104.

In his conversations with his paramour, Courtney Johnson, Appellant expressed disgust with the charges as he felt he had a right as an adult to keep the AK 47 and the handgun in his home.

[Courtney]: But my thing is is they really -- I don't understand why they did, because I mean, they didn't find the gun on you, they found it in my house, so that could mean -- I mean, the only thing is they see you shooting it though and they have the shell casings so that's that. I could say, you know, that you didn't have it, you know, on you, but I don't know.

[Appellant]: Yeah, but at the same time, though, like, they didn't find it on my person. So no matter what, like, whatever motherfuckers say, they could see me shooting or whatever, but at the same time did you find that gun on my person? And they didn't. Like, I just had to think about that, because they didn't never find that on my person. And then on top of that, I'm entitled to have, like, we is entitled to have a rifle in our home regardless. You feel me? 'Cause we 18 and over. Once you turn 18 you have rights to have a -- a rifle regardless. And that -- that rifle wasn't even reported stolen. And then on top of that, the handgun, motherfucking have a handgun in the car in the crib because we 21. We over 21. And the on top of that we have -- we –we not a felony.

Trial Testimony, 3/15/16, at 104. At no point in any conversation with his mother or paramour did Appellant complain about being charged with RSP for a stolen handgun he had allegedly never seen before.

In addition, Appellant's trial testimony contained several statements that may have caused the jury to question Appellant's credibility. Although

the arresting officer testified that Appellant was initially uncooperative when the officer attempted to place him under arrest, Appellant claimed the officer was lying and asserted that he never refused to comply with the officer's directions. In addition, Appellant asserted that he did not live at the apartment were the stolen firearm was found even though this was his mailing address and the officers found male clothing in the apartment.

Considering the totality of the circumstances, it would have been reasonable for the jury to infer that Appellant had given a false explanation for the presence of the stolen firearm in the apartment. Accordingly, as the Commonwealth presented sufficient evidence for the jury to conclude that Appellant knew the firearm he possessed was stolen, I dissent.